00053171.147

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY *et al.*, | : : | CASE NO. C-1-01-096 |
| Plaintiffs, | : : : | (Magistrate Hogan) |
| vs. | : : | **THIRD PARTY DEFENDANT HOLLAND ROOFING OF** |
| OSWALD COMPANY, INC., | : : : | **CINCINNATI, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM** |
| Defendants, | : : | **IN OPPOSITION TO HOLLAND ROOFING'S MOTION IN LIMINE TO** |
| and | : : | **PRECLUDE TESTIMONY OF KATE MAYER AND MARK SWIETERMAN** |
| KAJIMA CONSTRUCTION SERVICES, INC., | : : : | |
| Defendants/Third-Party Plaintiff, | : : | |
| vs. | : : | |
| FIEDELDEY STEEL FABRICATORS, INC, *et al.* | : : : | |
| Third-Party Defendants. | | |

## INTRODUCTION

Plaintiffs oppose Third Party Defendant Holland Roofing of Cincinnati Inc.'s (Holland Roofing) Motion in Limine to Preclude Testimony of Kate Mayer, Mark Swieterman and Elmer J. Obermeyer. Specifically, Plaintiffs oppose those portions of the Motion pertaining to the qualifications of Kate Mayer and Mark Swieterman.

Plaintiffs contend that their experts have the requisite qualifications under Rule 702 of the Federal Rules of Evidence because of their background as engineers and previous investigations of roof collapses. Plaintiffs' argument is without merit because Mayer and Swieterman lack the necessary knowledge and background to testify as to roof design as it pertains to the alleged liability of Holland Roofing in this matter.

## ARGUMENT

Plaintiffs oppose Third Party Defendant Holland Roofing's Motion to Preclude the Testimony of its engineering experts, Kate Mayer and Mark Swieterman because they contend that these alleged experts are qualified to render opinions on the cause of the collapse of the roof. Third Party Defendant Holland Roofing maintains that neither Mayer nor Swieterman have the proper qualifications to render any opinions as to *roof design* and *installation*.

Plaintiffs argue that Mayer is qualified to testify as an expert witness because she is a civil engineer with some experience in investigating roof collapses. Although Mayer may be a civil engineer with limited experience in roofing matters, this does not qualify her to testify as an expert witness. The 6th circuit has held that a trial court may properly exclude opinion evidence where the qualifications of an expert were in doubt because of *their limited experience with a particular issue in the trial. Black v. P.I.E. Nationwide, Inc.*, 930 F.2d 505, 510 (6th Cir. 1991) In *Black*, a union leader was unable to testify as an expert witness when he had limited knowledge of certain discharge procedures during his tenure as president.

Mayer has no background in structural engineering or any work pertaining to roof installation. (Mayer CV) Her own testimony is that she has never herself designed a roof. (Mayer depo. p. 196). However, not only is Mayer incompetent to testify because of her lack of

qualifications as to roof design, she is unqualified to testify as to the placements of the roof tapers by Holland Roofing when she testified that she never personally observed any roof tapers on the roof in question:

> Q: Well, it (the insulation) wasn't lying on top of the taper when there was no taper. So it had to have been laying on top of the roof deck?
>
> A: Correct. ***But I wasn't able to examine those areas***.
>
> Q: All right. But you didn't see – what I'm saying is on a roof this size, you have the tapers and you're saying the tapers, do they have to be on top of the insulation?
>
> A: Yes. That's how they're designed in this particular project and that's recommended in industry practice.
>
> Q: Give me your reference for that.
>
> A: I don't have a specific reference.
>
> Q: Well. I mean, you're saying it's industry practice. You're not a roofer, are you?
>
> A: No, I'm not.
>
> Q: How do you know that that's standard industry practice? You have to be relying upon something.
>
> A: It's based on my observations of roofs and discussions with roofers and also discussions with manufacturers.

(Mayer depo pp. 197-198) (emphasis added)

Plaintiffs also correctly identify Mark Swieterman as a civil and structural engineer employed by the same firm as Mayer, Engineering and Fire Investigations. It can hardly be said that Swieterman can be allowed to testify as an expert on roof design when he actually testified that he was in no way an expert on the matter or that he had ever designed roof himself:

-3-

Q: Let's start with your background. How many roof systems have you designed in 20 years, can you tell me, starting with the roof deck and working your way up?

A: You're talking about the structural systems?

Q: Not the structural, the roof itself, the roof membrane and components of the roof. How many have you designed?

A: I can't think of any offhand.

Q: ... ***Do you claim to be a roofing expert?***

A: ***No.***

Q: ...Have you ever supervised the installation of a roof such as the one involved in this particular case?

A: No.

(Swieterman depo. p. 68) (emphasis added)

A party proffering expert testimony must show by a "preponderance of proof" that the expert is qualified and will testify regarding specialized knowledge that will assist the trier of fact. *Pride v. Bic Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) At a minimum, a witness purporting to be an expert must have the requisite amount of training and expertise as set out in Federal Rule of Evidence 702. To qualify as an expert under Rule 702, a witness must first establish their expertise by reference to "knowledge, skill, experience, training or education." *Pride v. Bic Corp.*, 218 F.3d 566 (6th Cir. 2000) Contrary to the Plaintiff's assertions, Mayer lacks the requisite training and skill to testify as to roof design that would assist a trier of fact in determining the liability, if any, of Holland Roofing in this matter.

Plaintiff's argument that Mayer and Swieterman should be allowed to testify as experts as to roof design simply because they may be engineers with some experience investigating roof collapse

-4-

is without merit. Both experts lack the experience and knowledge required by the 6th Circuit for expert witnesses as to the particular area of roof design and Holland Roofing's alleged liability in this matter.

DRODER & MILLER CO., L.P.A.

By A. Dennis Miller (0018721)
Attorney for Third Party Defendant
Holland Roofing of Cincinnati, Inc.
125 West Central Parkway
Cincinnati, Ohio 45202
(513) 721-1504
Fax (513) 721-0310

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing Reply has been served by Ordinary U.S. Mail Service this 29th day of September, 2003.

Steven M. Rothstein, Esq.
Katz, Greenberger & Norton, L.L.P.
105 East Fourth Street
Suite 400
Cincinnati, Ohio 45202
Attorney for Federal Ins. Co.

James P. Cullen, Jr., Esq.
Mark T. Mullen, Esq.
Cozen & O'Connor
The Atrium - Third Floor
1900 Market Street
Philadelphia, Pennsylvania 19103
Attorney for Plaintiffs

James J. Montgomery, Esq.
Montgomery, Rennie & Jonson
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202-4413
Attorney for Kajima Construction Services

Gary L. Herfel, Esq.
J. David Bender, Esq.
100 East Rivercenter Blvd.
Suite 250
Covington, Kentucky 41011
Attorney for Smith, Stevens & Young, Inc.

DRODER & MILLER CO., L.P.A.

By A. Dennis Miller (0018721)
Attorney for Third Party Defendant,
Holland Roofing, Inc.